

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

MAR 11 2010

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

ORIGINAL

RUSSELL GRIZZLE,

Plaintiff,

v.

MILLIKEN & COMPANY, MILLIKEN-LIVE OAK MANUFACTURING, MILLIKEN-HILLSIDE MANUFACTURING, MILLIKEN-DUNCAN M. STEWART MANUFACTURING, MILLIKEN – ALMA MANUFACTURING, MILLIKEN DESIGN CENTER, SYLVAN CHEMICAL, and CONSTANTINE, LLC,

Defendants.

3

10-CV-034-JTC

Civil Action No.

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

In accordance with 28 U.S.C. §§ 1441, 1446, and all applicable laws, you are hereby notified that Defendants herein have removed the action entitled *Russell Grizzle v. Milliken & Company, et al.*, Civil Action No. 10-CV-334, formerly

pending in the Superior Court of Troup County, State of Georgia, to the United States District Court for the Northern District of Georgia, Newnan Division.

Pursuant to said removal, and in accordance with 28 U.S.C. § 1446(d), the Superior Court of Troup County is requested to proceed no further with this matter.

In support of this removal, Defendants herein respectfully submit that:

1. On or about March 8, 2010, at least one of the Defendants, Milliken & Company ("Milliken"), received a Summons and Complaint in a matter entitled *Russell Grizzle v. Milliken & Company, et al.,* Civil Action No. 10-CV-334, in the Superior Court of Troup County, State of Georgia.

2. This Notice is being filed within thirty (30) days of the receipt by the first defendant of the Summons and Complaint. The time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

3. The process, pleadings, and orders served upon Defendants to date in this matter, copies of which are attached hereto as Exhibit A, are as follows:

    a. Verified Complaint for Declaratory Judgment, Equitable Relief, Damages and Demand for Jury Trial (the "Complaint");

    b. Summons;

    c. Plaintiff Russell Grizzle's First Request for Production of Documents;

    d. Plaintiff's Motion for Temporary Retraining Order and Interlocutory Injunction;

e. Plaintiff's Memorandum of Law in Support of Its Motion for a Temporary Restraining Order and Interlocutory Injunction;

f. Proposed Order;

g. Order Rule Nisi; and

h. Proposed Order as signed by the Superior Court.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, the parties being citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and no defendant is a citizen of the State in which the action was brought. On information and belief, including the allegations set forth in Paragraph 1 of Plaintiff's Complaint, Plaintiff is, was at the time of the filing of the Complaint, and has been at all intervening times, a resident of the State of Georgia.

5. Defendant Milliken is, was at the time of the filing of the Complaint, and has been at all intervening times, a corporation that is incorporated in Delaware. Milliken has its principal place of business in South Carolina, as Milliken's officers direct, control and coordinate the corporation's activity in South Carolina (*i.e.*, South Carolina is the nerve center). (Exhibit C, Declaration of

Thomas Hamilton, ¶ 3.) Therefore, Milliken is not, pursuant to 28 U.S.C. § 1332(c)(1), a citizen of the State of Georgia.

6. Defendant Constantine, LLC has been merged into another entity (Hamilton Decl. ¶ 4), and therefore has lost its separate legal identity. Rather the citizenship of the surviving entity is considered for diversity purposes. *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548 (7th Cir. 1975). The surviving entity, Product Concepts Residential, LLC, is a limited liability company (*id.*); therefore, its citizenship is the citizenship of its members. *See Kalian at Poconos, LLC v. Saw Creek Estates Comm. Ass'n Inc.*, 275 F. Supp. 2d 578, 586 (M.D. Pa. 2003) ("A limited liability company is an unincorporated association that is treated as a limited partnership for purposes of diversity jurisdiction."); *accord Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). *See also Folsom v. Do-All Traps, L.L.C.*, Civil Action No. 7:08-cv-117, 2008 WL 4003666, *1 (M.D. Ga. Aug. 27, 2008) ("In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization."). The sole member of Product Concepts Residential LLC is PCR Holdings, LLC, which is also a limited liability company. (*Id.*) The sole member of PCR Holdings LLC is Lineage PCR, Inc. (*Id.*) Lineage PCR, Inc. is (and has been since the filing of the complaint)

incorporated in Delaware. Its principal place of business (*i.e.*, the location of its nerve center where the officers direct, control and coordinate the corporation's activities) is in South Carolina. (*Id.*) Therefore Lineage PCR, Inc. is not a citizen of Georgia, meaning that PCR Holdings LLC is also not a citizen of Georgia, as its citizenship is the citizenship of its member. Since PCR Holdings, LLC is not a citizen of Georgia, and it is the sole member of Product Concepts Residential, LLC., Product Concepts Residential, LLC. is also not a citizen of Georgia.

7. Defendants have identified as a defendant in this action a company called "Sylvan Chemical." Assuming that the Complaint intended to name Sylvan Chemical Co., Inc., that entity is, was at the time of the filing of the Complaint, and has been at all intervening times, a citizen of the States of Delaware and South Carolina, as it is incorporated in the State of Delaware and has its principal place of business (*i.e.*, its nerve center) in the State of South Carolina. (Hamilton Decl. ¶ 5.)

8. Plaintiff named as Defendants Milliken – Live Oak Manufacturing, Milliken – Hillside Manufacturing, Milliken – Duncan M. Stewart Manufacturing, Milliken-Alma Manufacturing and Milliken-Design Center (the "Plant Defendants"). These Plant Defendants are not separate juridical entities, but are instead plants or facilities that are owned by Milliken and/or its subsidiaries. As such, they have no citizenship to consider in assessing diversity. (Hamilton Decl. ¶

6.) *See Breitman v. May Company California*, 37 F.3d 562, 564 (9th Cir. 1993) (holding even an unincorporated business division "does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes."). *See also Hoefferle Truck Sales, Inc.*, 523 F.2d at 548 (holding only citizenship of separate juridical entities is relevant for determining diversity jurisdiction).

9. Moreover, and in the alternative, as Constantine LLC and the Plant Defendants are not existing legal entities, they are not parties to the agreement at issue, and there is no Count or assertion of wrongdoing directed toward them, naming them in the Complaint constitutes fraudulent misjoinder.

10. Although the Complaint seeks unspecified damages, it is facially apparent from the Complaint that the amount in controversy between Plaintiff and the Defendants exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

11. For one thing, the value of injunctive or declaratory relief, for purpose of deciding whether the amount in controversy is such as to permit the federal district court to exercise diversity jurisdiction, is the monetary value that would flow to plaintiffs if the injunction or declaratory relief were granted. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 973 (11th Cir. 2002). Although Plaintiff does not demand a sum certain in the Complaint, Plaintiff alleged that the non-

compete and non-solicitation covenants with Milliken are not enforceable, permitting him to work for Mannington Mills as its Chief Operating Officer. The value of that Officer's position for 24 months (the period of the non-compete) will easily exceed $75,000. Plaintiff's base salary for a similar position at Milliken was $355,000 annually, and Chief Operating Officers at companies in the industry with Mannington Mills can reasonably expect to make more than $75,000 in a 24 month period. (*See* Exhibit D, Declaration of Bradley J. Kendall, ¶¶ 3-4). Therefore, the substantive allegations of Plaintiff's Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on just the injunctive and declaratory requests alone.

12.   Indeed, shortly before Mr. Grizzle filed his lawsuit against Milliken, Milliken offered Mr. Grizzle a severance package that included "Total Payments upon exit" of $1,607,754. (Kendall Decl. ¶¶ 6-8.) But Mr. Grizzle never accepted that $1.6 million package, opting instead to file this lawsuit. His decision to leave $1.6 million on the table further confirms that he values the requested relief at significantly more than $75,000. (*See id.*)

13.   Moreover, Mr. Grizzle seeks more than injunctive and declaratory relief. He has also alleged claims for fraud and promissory estoppel, under which he seeks both compensatory and punitive damages. For his punitive damages claim, he alleges that Milliken acted with "specific intent to harm," an allegation

presumably intended to permit punitive damages in excess of $250,000. *See* O.C.G.A. § 51-12-5.1(f & g).[1] Plaintiff's pursuit of punitive damages in excess of $250,000 is another reason why the jurisdictional amount is satisfied. *See, e.g., Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289 (N.D. Ala. 2009) (holding that amount in controversy was sufficient for diversity jurisdiction based on claim for punitive damages even though punitive damages amount was not specified).

14. There is complete diversity between Plaintiff and the Defendants and the requisite amount in controversy.

15. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

16. All Defendants consent to this removal.

17. Promptly after the filing of this Notice, Defendants will give written notice to Plaintiff and will notify the Superior Court of Troup County, Georgia of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Superior Court of Troup County, is attached hereto as Exhibit B.

18. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of the rights of Defendants to assert any defenses available to

---

[1] The Defendants do not agree with Plaintiff's apparent belief that Georgia law applies here.

them, including the right to have this action heard in South Carolina as required by the forum selection clause in the agreement at issue in this action.

WHEREFORE, Defendants give notice that the above-entitled action, formerly pending in the Superior Court of Troup County, State of Georgia, as *Russell Grizzle v. Milliken & Company, et al.,* Civil Action No. 10-CV-334, has been removed to the United States District Court for the Northern District of Georgia.

This 11th day of March, 2010.

Respectfully submitted,

MILLIKEN & COMPANY, MILLIKEN-LIVE OAK MANUFACTURING, MILLIKEN-HILLSIDE MANUFACTURING, MILLIKEN-DUNCAN M. STEWART MANUFACTURING, MILLIKEN –ALMA MANUFACTURING, MILLIKEN DESIGN CENTER, SYLVAN CHEMICAL, and CONSTANTINE, LLC,

By their attorneys,

Janine Cone Metcalf
(Georgia State Bar No. 503401)
Lucas W. Andrews
(Georgia State Bar No. 019533)
JONES DAY
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
jmetcalf@jonesday.com
lwandrews@jonesday.com

- and –

William P. Steinhaus
(Georgia State Bar No. 678225)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: 404-881-1300
Facsimile: 404-870-1732
bill.steinhaus@odnss.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| RUSSELL GRIZZLE,<br><br>Plaintiff,<br><br>v.<br><br>MILLIKEN & COMPANY, MILLIKEN-LIVE OAK MANUFACTURING, MILLIKEN-HILLSIDE MANUFACTURING, MILLIKEN-DUNCAN M. STEWART MANUFACTURING, MILLIKEN – ALMA MANUFACTURING, MILLIKEN DESIGN CENTER, SYLVAN CHEMICAL, and CONSTANTINE, LLC,<br><br>Defendants. | Civil Action No. ______________ |

**LOCAL RULE 7.1(D) CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that this notice has been prepared with Times New Roman, 14-point font.

Janine Cone Metcalf
(Georgia State Bar No. 503401)

Attorney for Defendants
Milliken & Company, Milliken-Live Oak Manufacturing, Milliken-Hillside Manufacturing, Milliken-Duncan M.

Stewart Manufacturing, Milliken –Alma Manufacturing, Milliken Design Center, Sylvan Chemical, and Constantine, LLC

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| RUSSELL GRIZZLE,<br><br>Plaintiff,<br><br>v.<br><br>MILLIKEN & COMPANY, MILLIKEN-LIVE OAK MANUFACTURING, MILLIKEN-HILLSIDE MANUFACTURING, MILLIKEN-DUNCAN M. STEWART MANUFACTURING, MILLIKEN – ALMA MANUFACTURING, MILLIKEN DESIGN CENTER, SYLVAN CHEMICAL, and CONSTANTINE, LLC,<br><br>Defendants. | Civil Action No. ____________ |

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 11th, 2010, I caused the foregoing Notice of Removal to be served by United States Mail with adequate postage affixed on the following Counsel of record:

David Long-Daniels
Todd D. Wozniak
Christopher B. Puckett
GREENBERG TRAURIG LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

Janine Cone Metcalf
(Georgia State Bar No. 503401)

ATTORNEY FOR DEFENDANTS